a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

JAMES GREEN,                                        CIVIL DOCKET NO. 3:24-CV-01315
Plaintiff

VERSUS                                                JUDGE TERRY A. DOUGHTY

CIRCLE K STORES INC ET AL,            MAGISTRATE JUDGE PEREZ-MONTES
Defendants

---

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (ECF No. 10) filed by Plaintiff James Green ("Green"), seeking the remand of his personal injury suit to the Fourth Judicial District Court, Ouachita Parish.

Because Circle K fails to meet it burden of establishing removal jurisdiction, the Motion to Remand (ECF No. 10) should be GRANTED.

I.      Background

Green sued Defendants Circle K Stores, Inc., and DS Holdings, LLC for damages allegedly sustained after he slipped and fell at a Circle K in Monroe, Louisiana, on August 16, 2023.   ECF No. 1-2.  The Circle K store is located on land owned by DS Holdings, who leases the property to Circle K.  ECF No. 1 at 2.

On September 9, 2024, Circle K obtained records from North Louisiana Orthopaedic & Sports Medicine Clinic, which indicated to counsel "that the $75,000

1

amount in controversy requirement necessary to invoke federal jurisdiction was met."

ECF No. 1 at 4; 1-3.[1]  A review of those records reveals:

> Green sought treatment at the North Louisiana Orthopaedic & Sports Medicine Clinic on September 12, 2023, due to left knee pain.  It was noted that Green had received a total knee replacement in 2020.  ECF No. 1-3 at 84.  X-rays revealed that hardware was intact with no signs of loosening.  Green was referred for an MRI, and those findings were consistent with the x-rays.  *Id.*
>
> In March 2024, Green returned to the North Louisiana Orthopaedic & Sports Medicine Clinic with complaints of knee pain.  *Id.* at 88.  He reported that he would be receiving neck injections at the pain clinic the following day due to increased pain after his fall.  *Id.*   The MRI revealed no hardware loosening and no changes since his last images.  *Id.* at 89.  A view of his cervical spine revealed only degenerative changes.  *Id.*  Green received a prescription for physical therapy for his knee due to restricted range of motion, likely from scar tissue buildup.  *Id.* at 90.
>
> Green returned to North Louisiana Orthopaedic & Sports Medicine Clinic on April 11, 2024, for follow up care with respect to left knee pain.  *Id.* at 91.  He reported positive results from physical therapy, but requested an injection for continued pain.  *Id.*  He received injections of triamcinolone acetonide and ketorolac tromethamine.  *Id.* at 93.
>
> Green returned to the North Louisiana Orthopaedic & Sports Medicine Clinic on May 7, 2024, for continued knee pain.  *Id.* at 95.  He was administered injections of Kenalog and Toradol and prescribed Medrol.  *Id.* at 96-97.

Circle K claims that Green's mention of neck injections for increased pain "after falling" and "the fact that he has undergone pain management procedure(s)" increases the potential damages above the $75,000 jurisdictional threshold.  ECF No. 1 at 4-5.  Accordingly, based on these records and Circle K's assessment of the

---

[1] The records referenced by Circle K include progress notes and MRI reports related to treatment for: knee, back, and neck pain from 2005 through 2009 (ECF No. 1-3 at 7-34); neck pain in 2016 (*Id.* at 35-47); knee pain from 2019 through 2021 (*Id.* at 48-83); and, most recently, from September 12, 2023, through May 7, 2024 (*Id.* at 35-97).

potential damages and its belief that DS Holdings was fraudulently joined, Circle K removed the case to this Court.

Green filed a Motion to Remand asserting that the amount in controversy does not exceed $75,000 and there was no fraudulent joinder.  ECF No. 10-4 at 10.

II.    Law and Analysis

A.    Standards governing the Motion to Remand.

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress. *See Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014).  Subject matter jurisdiction must exist at the time of removal, based on the facts and allegations contained in the complaint. *See St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Jurisdictional facts are determined at the time of removal, not by subsequent events. *See La. v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 635 (5th Cir. 2014).  Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).

A federal court has "diversity jurisdiction" when the amount in controversy exceeds $75,000, exclusive of interest and costs, and when complete diversity of citizenship exists between the parties. *See* 28 U.S.C. § 1332(a).  The removing party bears the burden of establishing diversity jurisdiction. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).  "Any ambiguities are construed against removal and in favor of remand to state court." *Id.*

Louisiana law precludes plaintiffs from specifying the monetary value of damages. *See* La. Code Civ. P. art. 893(A)(1). Accordingly, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1407 (5th Cir. 1995) (where a petition does not include a specific monetary demand, the removing defendant must produce evidence that the actual amount in controversy exceeds $75,000). "A removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone, or by submitting summary-judgment-type evidence." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).

B.    Circle K fails to meet its burden.

It is undisputed that the initial Petition did not unequivocally show that damages exceeded $75,000. ECF No. 1 at 2. When the "case stated by the initial pleading" does not provide grounds for removal, a defendant must file a notice of removal in the district court within 30 days after receipt of "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). And the "other paper" must be "'unequivocally clear and certain' to start the time limit running for a notice of removal." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (citation omitted).

Expressly invoking § 1446(b)(3) in its Notice of Removal, Circle K alleges that the basis for removal was its receipt of "'other paper,' namely medical records from North Louisiana Orthopaedic & Sports Medicine Clinic…." ECF No. 1 at 2.[2]  Circle K asserts that Dr. Spires's notation that Green reported he was going to receive neck injections "indicated to undersigned counsel, for the first time, that the $75,000 amount in controversy requirement necessary to invoke federal jurisdiction was met." ECF No. 1 at 4-5.  Specifically, Circle K represents:

> To the extent Plaintiffs incident-related treatment now includes "neck injections," his past medical expenses have increased. In addition, exposure for future medical expenses has increased due to the possibility of additional pain management procedures.  Plaintiff's general damages have also increased due to the fact that he has undergone pain management procedure(s) as part of his incident-related treatment.

*Id.*

Eeven leaving aside the issue of general references to treatment and damage categories, Green did not actually *receive* the injections or *incur* those additional damages, for purposes of Circle K's removal analysis.  *See* ECF No. 10-4 at 7, n.3, 8-9.  Contrary to Circle K's contention, Green's past medical expenses were not increased by past neck injections.  Accordingly, the purported "other paper" does not establish – and did not then establish, to an unequivocal certainty – that damages exceed the $75,000 threshold.

---

[2] In its opposition to the Motion to Remand, Circle K claims that the 30-day clock did not begin to run when it received "discovery responses, medical records, or 'other paper' under § 1446(b)(3)." ECF No. 14 at 12.  It alleges that it had to "analyze Plaintiff's treatment records and consult other cases with similar injuries." *Id.*  However, in its Notice of Removal, Circle K expressly states that the orthopedic records received on September 9, 2024, put it "on notice that the amount in controversy exceeded $75,000." ECF No. 1 at 3.  Circle K further alleges: "From these medical records, it was ascertainable that this case was removable pursuant to 28 U.S.C. § 1446(b)(3)." *Id.*

Moreover, various other information about Green's pain management treatment was already ascertainable on August 7, 2024. Ultimately,records referencing injections that did not occur, and reportedly totaling $1,436 (ECF No. 14 at 5), have and had little effect on a reasonable, timely assessment of the amount in controversy.   Remand is thus warranted.

### C.    Attorney's fees.

A remand order may require payment of just costs and actual expenses, including attorney's fees, incurred because of the removal.  28 U.S.C. § 1447(c).  But an award of attorney's fees on a motion to remand is discretionary and not automatic. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).  "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).

It is not evident that Circle K filed a notice of removal to prolong litigation or impose costs on Green.  Although ultimately unpersuasive, Circle K's argument for removal was not obviously implausible as to justify an award of attorneys' fees. *See Flagstar Bank, FSB v. Hoare*, 3:13-CV-1412, 2014 WL 2452576, at *3 (N.D. Tex. June 2, 2014) (citing *Erlandson v. Liberty Life Assur. Co. of Boston*, 320 F.Supp.2d 501, 511 (N.D.Tex. 2004)).

III.    Conclusion

Because Circle K has not met its burden of establishing jurisdiction, IT IS RECOMMENDED that the Motion to Remand (ECF No. 10) be GRANTED, but the request for attorneys' fees be DENIED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, September 4, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE